**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Sandra G. Ezell (SBN: 325046)
Eden M. Darrell (SBN: 295659)
901 East Byrd Street, Suite 1650
Richmond, VA 23219
Telephone:  804.533.2900
Facsimile:   804.616.4129
Sandra.ezell@nelsonmullins.com
Eden.darrell@nelsonmullins.com

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Trevor C. Zeiler (SBN: 325543)
19191 South Vermont Ave., Suite 900
Torrance, CA 90502
Telephone:  424.221.7400
Facsimile:   424.221.7499
Trevor.zeiler@nelsonmullins.com

Attorneys for Defendant
TESLA, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HINZE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>TESLA, INC., a Delaware Corporation; and DOES 1 through 100, inclusive<br><br>　　　　　Defendants. | **CASE NO.:** 3:22-cv-2944<br>(Removed from Alameda County Superior Court – Case No. 22CV009439)<br><br>**TESLA, INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1332, DIVERSITY JURISDICTION**<br><br>Action Filed:　April 4, 2022<br>Trial:　　　　 None |

///
///
///
///
///

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

Defendant Tesla, Inc. ("Tesla) hereby removes this case to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441 and 1446. This Court has original jurisdiction over the civil lawsuit because it involves citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. In support of its Notice of Removal, Tesla states as follows:

## FACTUAL BACKGROUND

1. On April 4, 2022, Plaintiff Christopher Hinze ("Plaintiff") filed his Complaint in the Alameda County Superior Court entitled: *Christopher Hinze v. Tesla, Inc.*, Case No. 22CV009439 alleging strict product liability, negligence, failure to warn, and breach of warranty causes of action against Tesla stemming from an automobile accident that occurred in Virginia.  (Pl.'s Summons and Compl. attached as Ex. A to Decl. of Trevor C. Zeiler (Zeiler Decl.").)

2. Tesla is the only defendant to this action.

3. Tesla has not yet responded to Plaintiff's Complaint.

## DIVERSITY JURISDICTION

### Diversity of Citizenship Exists

4. Plaintiff alleges he is a citizen of Washington, District of Columbia. (Compl. ¶ 20.)

5. Tesla is now, and was at the time the Complaint was filed, a corporation incorporated in the state of Delaware with its principal place of business in the state of Texas. (Zeiler Decl. ¶ 5, Ex. C.)[1]

---

[1] Plaintiff incorrectly alleges that Tesla's principal places of business are located in California. (Compl., ¶ 18.) While at one point Tesla's headquarters were in California, the headquarters moved to Austin, Texas and were in Texas at the time the Complaint was filed and are in Texas at the time of this removal. "The time of filing rule 'measures all challenges to subject matter jurisdiction premised upon diversity of citizenship against the state of facts at the time of filing.'" (*Northstar*

6. Thus, there is complete of diversity citizenship pursuant to 28 U.S.C. § 1332 (a)(1) because Plaintiff is a citizen of Washington, DC and Tesla is a citizen of Delaware and Texas.[1]

**Amount in Controversy is Satisfied**

7. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

8. Plaintiff alleges the accident caused him "serious injury . . . including a broken and compressed vertebra." (Compl. ¶ 20.) Plaintiff claims he was transported to the hospital by EMS, underwent an eight-hour surgery, and spent six days in the hospital's intensive care and trauma units before being moved to in-patient rehabilitative care, where he stayed for another two weeks. (Compl. ¶ 6.)

9. Plaintiff seeks economic and non-economic damages, including, but not limited to special damages for medical expenses, lost wages, and general damages for pain, suffering, embarrassment, emotion distress, and disability. (Compl. p. 17:16-21).

10. While Tesla does not concede or admit that any claims for any amounts have legal or factual merit, it is evident from the Complaint that the amount in controversy exceeds the jurisdictional threshold. Indeed, Plaintiff's special damages for medical expenses alone can be expected to exceed $75,000.00. With Plaintiff's claim for lost wages pain, suffering, embarrassment, emotional distress and disability, there is a preponderance of the evidence from the face of the Complaint that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

---

*Financial Advisors Inc. v. Schwab Investments*, 779 F.3d 1036, 1046 (9th Cir. 2015); quoting *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004).)

[1] "Doe" defendants shall be disregarded for removal purposes. (See *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989).)

## **PROCEDURAL REQUIREMENTS**

11. Tesla, the only named defendant, was served with the Complaint on April 18, 2022. Tesla filed this notice of removal within 30 days of the service of the summons and Complaint. (Zeiler Decl. ¶ 4, Ex. B.) Thus, removal of this lawsuit is timely under 28 U.S.C. § 1446.

12. The Superior Court of the State of California for the County of Alameda is located in the Northern District of California. Therefore, venue is proper under 28 U.S.C. § 84 because this is the "district and division with which such action is pending…." (28 U.S.C. § 1446(a).).

13. Under 28 U.S.C. § 1446(d), a copy of this notice of removal is being served upon counsel for Plaintiff, and a copy is being filed with the clerk of the Superior Court of the State of California for the County of Alameda.

14. A copy of all process, pleadings, and orders filed in state court are attached hereto, as required by 28 U.S.C. § 1446(a). (Zeiler Decl., Ex. A.)

## **CONCLUSION**

15. This Court has original jurisdiction under 28 U.S.C. § 1332 since there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, and removal jurisdiction under 28 U.S.C. § 1441 since all the requirements for removal have been met.

16. Having met all of the requirements for removal under 28 U.S.C. §§ 1441 and 1446, the defendant Tesla requests that this Court assume complete jurisdiction in this matter.

DATED: May 18, 2022

NELSON MULLINS RILEY & SCARBOROUGH LLP

BY: /s/ Trevor Zeiler
Sandra G. Ezell
Eden M. Darrell
Trevor C. Zeiler
Attorneys for Defendant
TESLA, INC.

# PROOF OF SERVICE
## F.R.C.P. Rule 5(b)(2)

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 19191 South Vermont Avenue, Suite 900, Torrance, CA 90502.

On May 18, 2022, I served the foregoing documents described as **TESLA, INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1332, DIVERSITY JURISDICTION** on all interested parties in this action by enclosing ☒ **a true copy** ☐ **the original** of them in an envelope addressed as follows:

> **Attorney for Plaintiff**
> David C. Wright (State Bar No. 177468)
> MCCUNE WRIGHT AREVALO, LLP
> 3281 E. Guasti Road, Suite 100
> Ontario, CA  91761
> Telephone:   909.557.1250
> Facsimile:     909.557.1275
> Email:  dcw@mccunewrights.com

☒    **BY MAIL (CCP §1013(a) and §2015.5):**  I served the documents by placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's business practice for collecting and processing documents for mailing. On the same day the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage date is more than **1** day after the date of deposit for mailing in affidavit.

☐    **BY ELECTRONIC SERVICE (CCP 1010.6.(b)(6):** Based on an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the addressees/persons at the electronic notification listed on the Service/Mailing List.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed on May 18, 2022, at Torrance, California.

_____
Samie Long